UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS

| BRANDON CALLIER, Plaintiff, v. CarGuard Administration INC, Auto Protecht, LLC, and John Does 1-4 Defendants | § § § § § § § § § | EP20CV0118 |
|---|---|---|

**Plaintiff's Original Complaint**

**Parties**

1. The Plaintiff is Brandon Callier, a natural person, and was present in Texas for all calls, in this case in El Paso County.

2. CarGuard Administration, INC is a Kansas corporation and can be served via registered agent Registered Agent INCORP Services, INC., 17888 67th Court North, Loxahatchee, Florida 33470.

3. Auto Protecht, LLC, is a California corporation and can be served via registered agent Robby H Birnbaum, 100 West Cypress Creek Road, Ste 700, Fort Lauderdale, Florida 33309.

4. John/Jane Does 1-4 are other liable parties currently unknown to the Plaintiff.

**JURISDICTION AND VENUE**

5. <u>Jurisdiction</u>. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal

1

statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case; and doesn't seek money damages, so it is unlikely to predominate over the TCPA claims.

6. **Personal Jurisdiction.** This Court has general personal jurisdiction over the defendant because they have repeatedly placed calls to Texas residents, and derive revenue from Texas residents, and they sell goods and services to Texas residents, including the Plaintiff.

7. **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District. Residing in the Western District of Texas when he received a substantial if not every single call from the Defendants that are the subject matter of this lawsuit.

8. This Court has venue over the defendants because the calls at issue were sent by or on behalf of the above named defendants to the Plaintiff, a Texas resident.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding telemarketing.

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency

purposes or made with the prior express consent of the called party) using an automatic telephone dialing system (ATDS) or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

11. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

12. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

13. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

14. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

15. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

16. The FCC also recognizes that "wireless customers are charged for incoming calls

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

17. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

18. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

19. The FCC confirmed this principle in 2013, when it explained that "a seller ... may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28

4

FCC Rcd. 6574, 6574 ¶ 1 (2013).

20. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

21. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g., Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

### The Texas Business and Commerce Code 305.053

22. The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

23. The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

### FACTUAL ALLEGATIONS

24. The Plaintiff has received at least eight calls over 120 days to his cell phones, 915-383-4604 and 915-255-3456 without consent and not related to an emergency purpose, selling the products and services of CarGuard Administration, Inc., Auto Protecht, LLC, Centurion Protection Services, and Affordable Auto Solutions, Inc. for

various car warranties.

25. The Plaintiff has been unable to find corporate information on Centurion Protection Services and Affordable Auto Solutions through secretary of state searches and will add them as defendants at a later date.

26. The Plaintiff purchased three car warranties from the defendants and was mailed three policies in the mail to his home address. The Defendants are listed on Exhibit 1, Exhibit 2 and Exhibit 3 taken from the policies.

27. Mr. Callier received multiple calls from a variety of spoofed caller ID's that contained a pre-recorded message and were initiated using an automated telephone dialing system. The calls were on behalf of CarGuard Administration, Inc., Auto Protecht, LLC, Centurion Protection Services, and Affordable Auto Solutions, Inc. The calls generally had a delay of 3-4 seconds of dead air before an audible tone connected the Plaintiff to a representative, indicating the calls were initiated using an ATDS. The Plaintiff received at least eight calls in 120 days.

28. Each and every call was initiated using a spoofed caller ID, and each and every telemarketer the Plaintiff spoke with failed to properly identify themselves and the parties they were calling on behalf of.

29. "Neighborhood spoofing" designed to trick consumers into picking up the call as it appears to be a local call. This call contained a pre-recorded message after a 3-4 second pause of dead air. Several of the calls used neighborhood spoofing tactics, others were real phone numbers from existing callers, innocent victims and businesses whose phone numbers were wrongfully appropriated by the defendants.

30. Plaintiff received the following calls from the Defendants (Table A).

| Call Phone Number | Caller ID Name | Date | Time |
|---|---|---|---|
| 915-383-5469 | | 30-Dec-19 | 14:13 |
| 915-383-2567 | JOEL CUEVAS | 4-Feb-20 | 9:32 |
| 915-615-2353 | | 6-Feb-20 | 9:32 |
| 915-383-9493 | JORGE MADRID | 10-Feb-20 | 14:51 |
| 915-383-3745 | GLORIA JOHNSON | 10-Feb-20 | 13:43 |
| 915-587-7405 | | 17-Feb-20 | 10:58 |
| 915-383-2963 | NOOR ABUSHAGUR | 21-Feb-20 | 11:06 |
| 915-383-5709 | GEOR SANTA CRUZ | 28-Feb-20 | 13:07 |

31. Each and every call was placed without the maintenance of an internal do-not-call policy. Each and every call failed to identify the telemarketers and parties they were calling on behalf of. Each and every call was placed without training their agents/employees on the use of an internal do-not-call policy.

32. Mr. Callier purchased car warranty policies from the Defendants on December 30, 2019, February 17, 2020 and February 24, 2020.

33. Mr. Callier received five additional calls from the Defendant after purchasing the car warranty because the calls were automated and initiated by the ATDS.

34. Mr. Callier has a limited data plan. Incoming text messages chip away at his monthly allotment.

35. Mr. Callier has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

36. No emergency necessitated the calls

37. Each call was sent by an ATDS.

38. None of the defendants ever sent Mr. Callier any do-not-call policy.

39. On information and belief, none of the defendants had a written do-not-call policy while it was sending Mr. Callier the unsolicited calls

7

40. On information and belief, none of the defendants trained its agents engaged in telemarketing on the existence and use of any do-not-call list.

### Vicarious Liability of the Sellers

41. These parties are vicariously liable under the theories of actual authority, apparent authority, and ratification, and as well as liable because any other result would impair the underlying purpose of the TCPA.

42. CarGuard Administration, Inc., Auto Protecht, LLC, Centurion Protection Services, and Affordable Auto Solutions, Inc are liable parties as the direct beneficiaries of the illegal telemarketing calls as they stood to gain the Plaintiff as a client and quoted the Plaintiff a contract offering their products and services.

43. The contracts show that the beneficial parties who were gaining customers were CarGuard Administration, Inc., Auto Protecht, LLC, Centurion Protection Services, and Affordable Auto Solutions, Inc

# THE SELLERS SHOULD BE HELD LIABLE TO UPHOLD THE DETERRENT EFFECT AND PURPOSE OF THE TCPA

44. As the court ruled in Jackson v Caribbean Cruise Line, Inc., the defendant sellers should be held liable for their violations of the TCPA. Courts have looked at the purpose of the TCPA and found that not holding the sellers liable through vicarious liability would undermine the purpose of the TCPA.

45. Every entity in the contract for car warranty services should be deemed a beneficiary of the calls and held liable for damages under the TCPA under vicarious liability.

Sellers are in the best position to monitor and police third party telemarketer's compliance with the TCPA and to hold otherwise would leave consumers without an effective remedy for telemarketing intrusions.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES AS A RESULT OF THE CALLS

**46.** Defendant's calls harmed the Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

**47.** Defendant's calls harmed the Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

**48.** Defendant's calls harmed the Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

**49.** Defendant's calls harmed the Plaintiff by intruding upon Plaintiff's seclusion.

**50.** The Plaintiff has been harmed, injured, and damages by the calls including, but not limited to:

- Reduced Device Storage space
- Reduced data plan usage
- Invasion of privacy
- Lost time tending to text messages
- Decreased cell phone battery life
- More frequent charging of my cell phone resulting in reduced enjoyment and usage of my cell phone
- Reduced battery usage

9

- Annoyance

- Frustration

- Anger

### The Plaintiff's cell phone is a residential number

51. The calls were to the Plaintiff's cellular phone 915-383-4604, which is the Plaintiff's personal cell phone that he uses for personal, family, and household use. The Plaintiff maintains no landline phones at his residence and has not done so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

### Violations of the Texas Business and Commerce Code 305.053

52. The actions of the defendants violated the Texas Business and Commerce Code 305.053 by placing automated calls to a cell phone which violate 47 USC 227(b). The calls by the defendants violated Texas law by placing calls with a pre-recorded message to a cell phone which violate 47 USC 227(c)(5) and 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e).

53. The calls by the defendants violated Texas law by spoofing the caller ID's per 47 USC 227(e) which in turn violates the Texas statute.

## I. FIRST CLAIM FOR RELIEF

### (Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))

### (Against All Defendants)

1. Mr. Callier realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

2. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to Mr. Callier's cellular telephone number without his prior express written consent.

3. Mr. Callier is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

4. Mr. Callier is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

5. Mr. Callier also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

## II. SECOND CLAIM FOR RELIEF

### (Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d))

### (Against All Defendants)

6. Mr. Callier realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

    a. a written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1);[2]

    b. training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2);[3] and,

    c. in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

8. Mr. Callier is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

9. Mr. Callier is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

10. Mr. Callier also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making telemarketing solicitations until and unless they (1) implement a do-not-call list and training thereon and (2) include the name of the individual caller and AFS's name in the solicitations.

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[4] *See id.* at 425 – 26 (codifying a June 26, 2003 FCC order).

## III. THIRD CLAIM FOR RELIEF: Violations of The Texas Business and Commerce Code 305.053

11. Mr. Callier realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

12. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-emergency telemarketing robocalls to Mr. Callier's cellular telephone number without his prior express written consent in violation of 47 USC 227 et seq. The Defendants violated 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using an ATDS that does not comply with the technical and procedural standards under this subsection.

13. Mr. Callier is entitled to an award of at least $500 in damages for each such violation. **Texas Business and Commerce Code 305.053(b)**

14. Mr. Callier is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053(c).**

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brandon Callier prays for judgment against the defendants jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C. An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individual for seven calls.

E. An award of $1,500 in statutory damages arising from violations of the Texas Business and Commerce code 305.053

F. An award to Mr. Callier of damages, as allowed by law under the TCPA;

G. An award to Mr. Callier of interest, costs and attorneys' fees, as allowed by law and equity

H. Such further relief as the Court deems necessary, just, and proper.

May 1, 2020

Brandon Callier
Pro-se
6336 Franklin Trail
El Paso, TX 79912

# Auto Protecht LLC

1340 Reynolds Ave
#116-1019
Irvine, CA 92614
(800) 398-8577

Brandon Callier
6336 Franklin Trail
El Paso, TX 79912

Congratulations! Your valuable mechanical breakdown protection is detailed in the enclosed contract booklet. Please look it over and call with any questions you may have. Thank you for your purchase; we look forward to servicing your protection needs. Please call us for a quote on any other vehicle in your household. Vehicles with fewer than 200,000 miles may qualify for additional coverage, and multi-vehicle discounts are available.

Be sure to familiarize yourself with the coverage, maintenance requirements, and procedures in the event of a mechanical breakdown. Proper maintenance of your vehicle will contribute to a trouble free driving experience. You should follow your vehicle manufacturer's recommended maintenance for your driving habits.

Welcome to our family of vehicle owners that have the peace of mind and financial security of mechanical breakdown protection.

**THANK YOU AGAIN!**

*Cliff Booker*

Your Protection Specialist

## IMPORTANT CONTACT NUMBERS:

Claims: (888) 907-0870

Roadside: (844) 286-4577

**We encourage you to store your new service agreement in your vehicle. This document contains important numbers needed in the event of a breakdown. We have also provided ID cards on the last page of this booklet with valuable information that can be used in the event of a breakdown.**



Exhibit 1

---

# platinum deluxe service contract

application page

## contract holder information

| contract holder 1 name | Brandon Callier | alternate phone | |
|---|---|---|---|
| contract holder 2 name | | alternate phone | |
| phone | (915) 383-4604 | | |
| email address | Callier74@gmail.com | | |
| mailing address | 6336 Franklin Trail | | |
| city / state / zip | El Paso, TX 79912 | | |

## seller information

| seller name | Auto Protecht LLC | | |
|---|---|---|---|
| phone | (800) 398-8577 | alternate phone | |
| website | | | |
| Mailing address | 1340 Reynolds Ave #116-1019 | | |
| city / state / zip | Irvine CA, 92614 | | |

## covered vehicle information

| vin number (17 numbers) | 2T2BK1BA9DC169679 | vehicle class | 3 |
|---|---|---|---|
| current odometer reading | 40800 | options | |
| Year | 2013 | ☒ 4x4 / AWD | |
| | | ☐ diesel | |
| make | LEXUS | ☐ turbo / supercharged | |
| | | ☐ commercial | |
| model | RX | ☐ snow plow | |
| | | ☐ lift kit | |
| | | ☐ hybrid | |

## service contract information

| contract number | CGC23550760 | waiting period | 30 | effective date | 12/30/2019 |
|---|---|---|---|---|---|
| contract purchase price | $3,070 | contract term in months (additional) | 60 | | |
| contract term in miles | ☒ additional 50,000 | ☐ Expires at | | | |
| contract expiration date | 1/29/2025 | contract expiration miles | 91,800 | | |
| Deductible | ☐ $0.00 | ☐ $50.00 | ☒ $100.00 | ☐ $200.00 | |

*if no selection a $100.00 deductible shall apply

* A 30 day and 1,000 mile waiting period will apply from the effective date and current odometer reading. Claims may not be filed until this waiting period is satisfied. If any information is incorrect, please contact us immediately.

Administered by: CarGuard Administration, INC
4901 W. 136th Street, Leawood, KS 66224
(888) 907-0870



# Centurion Protection Services

02/24/20

BRANDON CALLIER

Thank you for choosing Centurion Protection Services. We strive to bring you the very best customer experience while under our care. We understand what an important role your vehicle plays in your daily routine and the stress a breakdown can cause to you and your family. Centurion Protection Services plans include a Rental Car, Towing, 24-Hour Roadside Assistance and Concierge Services to help eliminate these stressful times.

Please take the time to carefully review all of your vehicle protection plan information below to ensure its accuracy. If it is not correct, please contact us at 1 (800) 232-8254.

Sincerely,

The Centurion Protection Services Team

## Important Contact Numbers

Roadside: 844-286-4577    Claims: 888-907-0870

### MEMBERSHIP CARD

CENTURION PROTECTION SERVICES

Name: BRANDON CALLIER
VIN #: JTHKD5BH5D2144150
Contract #: CGC17610279
Coverage: POWERTRAIN PLUS    Deductible: $100
Expiration Date: 03/24/24    Expiration Miles: 228,460

Claims: 888-907-0870
Roadside: 844-286-4577

Your membership card

---

# powertrain plus service contract
## application page

### contract holder information

contract holder 1 name **BRANDON CALLIER**
contract holder 2 name _____
phone **(915) 383-4604**    alternate phone _____
email address _____
mailing address **6336 FRANKLIN TRAIL DR**
city / state / zip **EL PASO, TX 79912**

### seller information

seller name **CENTURION PROTECTION SERVICES**
phone **(800) 232-8254**    alternate phone _____
web site _____
mailing address **1290 N HANCOCK, SUITE 200**
city / state / zip **ANAHEIM, CA 92807**

### covered vehicle information

vin number (17 numbers) **JTHKD5BH5D2144150**    vehicle class **3**
current odometer reading **127,460**
year **2013**
make **LEXUS**
model **CT**

options:
☐ 4 x 4 / AWD
☐ diesel
☐ turbo/supercharger
☐ commercial
☐ snow plow
☐ lift kit
☒ hybrid

### service contract information

| contract number | waiting period | effective date |
|---|---|---|
| CGC17610279 | 30 Days and 1000 Miles | 02/24/20 |

| contract purchase price | contract term in months (additional) |
|---|---|
| $3,725.00 | 48 |

| contract term in miles | |
|---|---|
| ☒ additional **100,000** | ☐ expires at _____ |

| contract expiration date | contract expiration miles |
|---|---|
| 03/24/24 | 228,460 |

| deductible | | | | |
|---|---|---|---|---|
| ☐ $0.00 | ☐ $50.00 | ☒ $100.00 | ☐ $200.00 |

*If no selection a $100.00 deductible shall apply

* A **30** day and **1000** mile waiting period will apply from the effective date and current odometer reading. Claims may not be filed until this waiting period is satisfied. If any information is incorrect, please contact us immediately.

Administered by: CarGuard Administration, INC
4901 W. 136th Street, Leawood, KS 66224
(888) 907-0870

Exhibit 2

**Affordable Automotive Solution**
773 S. Kirkman Rd., ste. 102
Orlando, FL 32811
18669785340

Brandon L Callier
6336 Franklin Trail Dr
El Paso, TX 79912-8154

Congratulations! Your valuable mechanical breakdown protection is detailed in the enclosed contract booklet. Please look it over and call with any questions you may have. Thank you for your purchase; we look forward to servicing your protection needs. Please call us for a quote on any other vehicle in your household. Vehicles under 150,000 miles may qualify for additional coverages, and multi-vehicle discounts are available.

Be sure to familiarize yourself with the coverage, maintenance requirements, and procedures in the event of a mechanical breakdown. Proper maintenance of your vehicle will contribute to a trouble free driving experience. You should follow your vehicle manufacturer's recommended maintenance for your driving habits.

We encourage you to store your new service agreement in your vehicle. This document contains important numbers needed in the event of a breakdown.

Welcome to our family of vehicle owners that have the peace of mind and financial security of mechanical breakdown protection.

**THANK YOU AGAIN!**

*Chrystal*

Protection Specialist

**IMPORTANT CONTACT NUMBERS:**

Claims: 888-907-0870
Roadside: 844-286-4577

---

# powertrain plus service contract
## application page

### contract holder information

contract holder 1 name __Brandon L Callier__
contract holder 2 name _____
phone __915-255-3456__
alternate phone _____
mailing address __6336 Franklin Trail Dr__
city / state / zip __El Paso, TX 79912-8154__
email address _____

### seller information

seller name __Affordable Automotive Solution__
phone __18669785340__ alternate phone _____
web site _____
mailing address __773 S. Kirkman Rd, ste. 102__
city / state / zip __Orlando, FL 32811__

### covered vehicle information

vin number (17 numbers) __JTHKD5BH5D2144150__
current odometer reading __127,327__
| year | 2013 | vehicle class |
| make | LEXUS | 3 |
| model | CT200H | options |

### service contract information

| contract number | CGC25010282 | waiting period | effective date |
|---|---|---|---|
| | | 30 Days and 1,000 Miles | 02/17/2020 |
| contract purchase price | $3679.00 | contract term in months (additional) | |
| | | 48 | |
| contract term in miles | | 100,000 | |
| contract expiration date | 03/17/2024 | contract expiration miles | |
| | | 228,327 | |
| deductible | $100 | | |

* A __30__ day and __1,000__ mile waiting period will apply from the effective date and current odometer reading. Claims may not be filed until this waiting period is satisfied. If any information is incorrect, please contact us immediately.

Administered by: CarGuard Administration, INC
4901 W. 136th Street, Leawood, KS 66224
(888) 907-0870

WST[illegible]

Exhibit 3